IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO CORTES, on behalf of himself and others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 1:16-cv-7763<br>) |
| v. | )<br>) |
| SARPINO'S LOOP, INC., MJK SOUTH LOOP, INC., JJ GOLD COAST, INC., and JULIUS JOKIMAS, | )<br>)<br>)<br>) JURY DEMANDED |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff Sergio Cortes complains against Defendants Sarpino's Loop, Inc. ("Sarpino's West Loop"), MJK South Loop, Inc. ("Sarpino's South Loop"), JJ Gold Coast, Inc. ("Sarpino's Gold Coast"), and Julius Jokimas ("Jokimas") (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("the "Ordinance").

## Introduction

1. Defendants operate Sarpino's pizza franchises that are located in the City of Chicago. For years, Defendants have classified their pizza delivery drivers at these franchises as independent contractors, rather than employees, despite exerting significant control over how they perform their work. Defendants engaged in this misclassification scheme in order to avoid paying payroll taxes, unemployment insurance, workers' compensation insurance, and statutorily-required wages, knowing full well that their drivers were misclassified as independent contractors.

2.      Plaintiff, on behalf of himself and those similarly situated, seeks to recover unpaid minimum and overtime wages owed as a result of the Defendants' illegal misclassification scheme.

**Parties**

3.      Plaintiff Sergio Cortes worked as a delivery driver at Sarpino's West Loop from approximately March 2011 to October 2014. At times during that period, he also worked at Sarpino's South Loop and Sarpino's Gold Coast.

4.      Defendant Sarpino's Loop, Inc. is an Illinois Corporation that operates the Sarpino's Pizzeria West Loop pizza franchise at 627 Lake Street in the West Loop neighborhood of Chicago.

5.      Defendant JJ Gold Coast, Inc. is an Illinois Corporation that operates the Sarpino's Pizzeria Gold Coast pizza franchise at 158 West Division Street in the Gold Coast neighborhood of Chicago. Prior to June 29, 2016, Defendant JJ Gold Coast, Inc. went by the corporate name MJK Sarpino's, Inc.

6.      Defendant MJK South Loop, Inc. is an Illinois Corporation that operates the Sarpino's Pizzeria South Loop pizza franchise at 1923 S. Archer Avenue in the South Loop neighborhood of Chicago.

7.      Defendant Julius Jokimas owns, operates, and is the president of Sarpino's Loop Inc., JJ Gold Coast Inc. (formerly MJK Sarpino's, Inc.), and MJK South Loop, Inc.

8.      During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating multiple pizza restaurants – the value of which exceeds $500,000 annually.

**Jurisdiction and Venue**

9. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiff in Cook County and this judicial district.

10. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Facts**

11. Plaintiff worked for Defendants as a pizza delivery driver from March 2011 to October 2014 at Sarpino's West Loop. At times during that period, Plaintiff also worked at Sarpino's South Loop and Sarpino's Gold Coast. Defendants' practices as they pertained to their delivery drivers were the same at all of these locations.

12. Defendants did not pay Plaintiff or the other delivery drivers the minimum wage for all hours worked.

13. Defendants paid Plaintiff and the other delivery drivers an hourly rate that was either below the minimum wage or resulted in their hourly wages falling below the minimum wage on account of out-of-pocket driving expenses (*see* Paragraphs 16-17 below).

14. At all relevant times, Plaintiff and the other delivery drivers' hourly rate did not exceed $8.25. Defendants did not pay Plaintiff and the other delivery drivers other compensation for their time worked.

15. During much of the time that Plaintiff worked for Defendants, he worked seventy to eighty hours per week at Sarpino's West Loop.

16. During an average week, when Plaintiff worked for Defendants at Sarpino's West Loop, he frequently drove his car approximately 45 to 60 miles per day making deliveries.

Plaintiff's expenses related to his pizza deliveries were approximately $120 per week, including gasoline, vehicle insurance, and cellular phone. Defendants never reimbursed him for his mileage expenses or for any of the other driving expenses.

17. When items related to pizza deliveries were missing or could not be accounted for at the end of a shift, Defendants made deductions from all of the delivery drivers' pay. For example, when a thermal pizza bag could not be located at the end of a shift, Defendants deducted $10 from each of the delivery drivers' pay. When a Sarpino's sign could not be located, Defendants deducted approximately $20 per driver.

18. Defendants' management inventoried bags and signs every two weeks, prior to payroll, to assess paycheck deductions for the delivery drivers. Defendants never received authorizations from Plaintiff or the other delivery drivers to make deductions from their pay for lost or damaged items.

19. Defendants never paid Plaintiff and the other delivery drivers one-and-a-half times their regular rate for hours worked in excess of forty in a workweek.

**Defendants Controlled How Plaintiff and Other Delivery Drivers Performed Their Jobs.**

20. Defendants classified all of its delivery drivers, including Plaintiff, as independent contractors despite exerting significant control over the manner in which they performed their work.

21. Defendants required all of their delivery drivers, including Plaintiff, to work certain shifts. They were disciplined if they arrived late for a shift, and they were prohibited from leaving before their shift ended. Plaintiff was reprimanded if he arrived late for scheduled shifts, and Defendants' management once told him he would be fired if he arrived late for a shift.

22. Another Sarpino's West Loop delivery driver who was repeatedly late for scheduled shifts and asked for numerous days off was docked shifts, given undesirable late night shifts, and forced to move from Sarpino's West Loop to Sarpino's Gold Coast.

23. Defendants required all of their delivery drivers, including Plaintiff, to clock in at the beginning of each shift, clock out at the end of each shift, and clock in and out for break periods.

24. During relevant times, if Plaintiff and the other drivers wished to take time off, then Defendants required Plaintiff and the other drivers to obtain permission from Defendants' management before taking that time off work.

25. Defendants' management assigned Plaintiff and the other delivery drivers the pizza deliveries that they would make.

26. Defendants required Plaintiff and the other drivers to perform all deliveries that management assigned to them. Plaintiff and the other drivers were not allowed to turn down deliveries or decide the number of orders they would deliver in one trip.

27. Defendants required all of its delivery drivers, including Plaintiff, to check the contents of each delivery before leaving the store to ensure the delivery included all pizzas ordered by the customer.

28. Defendants required Plaintiff and the other delivery drivers to wear a Sarpino's uniform that consisted of a branded hat and shirt, and in the winter, a branded jacket. Defendants also required Plaintiff and the other delivery drivers to display a Sarpino's Pizzeria sign on their cars.

29. Defendants required Plaintiff and the other drivers to perform "side work" that included unloading delivery trucks, cleaning the kitchen, making pizza dough and other pizza

5

preparation tasks, preparing ingredients in the kitchen, and cleaning the restaurant, its kitchen and its bathroom.

30.     Defendants' management assigned Plaintiff and the other delivery drivers these tasks and posted them in a written assignment chart. During times that the restaurant was busy, many delivery drivers were required to answer the restaurant's phone and take pizza orders. They were directed to identify themselves by name to the customer when they did so.

31.     Defendants provided Plaintiff and the other drivers with many of the tools necessary to perform their jobs, including pizza bags, plates, napkins, pizza boxes, and cheese and pepper packets, while requiring Plaintiff and the other drivers to provide their own vehicles, gasoline, and vehicle insurance.

### Defendants' Failure to Pay Overtime Premium Pay.

32.     Defendants never paid Plaintiff and the other delivery drivers one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

33.     Defendants misclassified Plaintiff and other delivery drivers as independent contractors even though they retained substantial control over their work.

### Defendants' Failure to Pay the Minimum Wage.

34.     Defendants never paid their delivery drivers the minimum wage required by the FLSA, IMWL, or the Ordinance.

35.     Defendants misclassified Plaintiff and the other delivery drivers as independent contractors even though they retained substantial control over their work.

36.     Plaintiff and the other delivery drivers received tips for some of their deliveries, but Defendants never made the disclosures required by 29 C.F.R. § 531.59 because they misclassified the delivery drivers as independent contractors.

**Collective and Class Allegations**

37. Plaintiff brings the claims set forth in Count I, alleging violations of the FLSA minimum wage provisions, as an opt-in representative or collective action on behalf of himself and an **"FLSA Minimum Wage Class,"** consisting of all delivery drivers who worked for Sarpino's pizza restaurants operated by Defendants between August 1, 2013 and August 1, 2016 and who were paid a regular rate of less than $7.25 per hour.

38. Plaintiff brings the claims set forth in Count II, alleging violations of the FLSA overtime provisions, as an opt-in representative or collective action on behalf of himself and an **"FLSA Overtime Class,"** consisting of all delivery drivers who worked for Sarpino's pizza restaurants operated by Defendants between August 1, 2013 and August 1, 2016 and who worked in excess of forty hours in a workweek.

39. Plaintiff brings the claims set forth in Count IIII, alleging violations of the IMWL overtime provisions, as a Rule 23 class action on behalf of himself and an **"IMWL Overtime Class,"** consisting of all delivery drivers who worked for Sarpino's pizza restaurants operated by Defendants between August 1, 2013 and August 1, 2016 and who worked in excess of forty hours in a workweek.

40. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

41. The Rule 23 Class described above is so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. The Class includes at least 40 delivery drivers.

42. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Defendants had a common policy of misclassifying drivers as independent contractors for purposes of the IMWL;

    b. Whether Defendants denied Plaintiff and the putative Class Members overtime premium pay for hours worked in excess of forty in a workweek.

43. Plaintiff will fairly and adequately protect the interests of all class members. Plaintiff is a member of each Subclass. Plaintiff's claims are typical of the claims of all class members. Plaintiff's interests in obtaining monetary relief for Defendants' violations of the class members' rights is consistent with and not antagonistic to those of any person within the classes.

44. Plaintiff has retained counsel competent and experienced in complex and class action litigation.

45. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

46. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

### Count I – Fair Labor Standards Act – Minimum Wage Claim

47. Plaintiff incorporates all prior allegations as if fully stated herein.

48. Defendants employed Plaintiff and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

49. Defendants did not pay Plaintiff or other putative class members $7.25 per hour for all hours worked in a workweek.

50. Defendants' FLSA violations were willful.

## PRAYER FOR RELIEF

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiff and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiff and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Fair Labor Standards Act – Overtime Claim

51. Plaintiff incorporates all prior allegations as if fully stated herein.

52. Defendants employed Plaintiff and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

53. Plaintiff and other putative class members regularly worked more than forty hours per week for Defendants. Defendants never paid Plaintiff and other putative class members time-and-a-half for hours worked over forty in a workweek.

54. Defendants' FLSA violations were willful.

### **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiff and putative class members as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiff and putative class members their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

### **Count III – Illinois Minimum Wage Law–Overtime Claim**

55. Plaintiff incorporates all prior allegations as if fully stated herein.

56. Defendants employed Plaintiff and other putative class members because it permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

57. Plaintiff and putative class members frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiff and other putative class members one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek.

### **PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiff as the representative of the IMWL Overtime class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding Plaintiff and putative class members unpaid wages due as provided by the IMWL;

f. Awarding pre-judgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, pursuant to 820 ILCS 105/12(a);

h. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

i. Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/Christopher J. Wilmes_____
One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100