# EXHIBIT 1

# SETTLEMENT AGREEMENT AND WAIVER/RELEASE

This Settlement Agreement and Waiver/Release ("Agreement") is entered into between SERGIO CORTES (hereafter, "Plaintiff") and JULIUS JOKIMAS, SARPINO'S LOOP, INC., MJK SOUTH LOOP, INC., AND JJ GOLD COAST, INC. (hereafter "Defendants"). Plaintiff and Defendants are collectively referred to as "the Parties."

Plaintiff filed a Complaint against Defendants in the United States District Court for the Northern District of Illinois, Case No. 16-CV-7763 (the "Lawsuit"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 216, and the Illinois Minimum Wage Law, 820 ILCS 105/12.

Defendants deny the claims alleged in the Lawsuit, including without limitation any allegations that its business practices violated its obligations under any employment laws.

Plaintiff and Defendants now desire to avoid further litigation between them and, by this Agreement, intend to resolve all disputes, claims and controversies between them, including, without limitation, all matters raised or that could have been raised in Plaintiff's Lawsuit.

By entering into this Agreement, neither Party admits or acknowledges that it has done anything wrong, and this Agreement shall not in any way be construed as an admission of fault or liability.

Therefore, in consideration of the mutual promises set out below, the Parties agree as follows:

1.  **Consideration**

    A. In consideration for the promises in this Agreement, Defendants shall pay Plaintiff and his attorneys the total combined sum of Twenty-Five Thousand Dollars ($25,000.00) in ten equal monthly payments beginning ten days after the Court approves the parties' agreement.

    B. The ten monthly payments shall be delivered to Plaintiff's Counsel's address (70 W. Madison, Suite 4000, Chicago, IL, 60602). Each payment shall be paid in two checks, one in the amount of $1,000.00 payable to Sergio Cortes, and one in the amount of $1,500.00 payable to Hughes Socol Piers Resnick & Dym, Ltd. ("HSPRD"). The first payment shall be made ten days after the Court approves this agreement, and the other nine payments shall be made on June 1, 2017, July 1, 2017, August 1, 2017, September 1, 2017, October 1, 2017, November 1, 2017, December 1, 2017, January 1, 2018, and February 1, 2018.

    C. Defendants shall issue Plaintiff and HSPRD IRS Form 1099s for the payments at the time when Defendants issue such forms in the ordinary course of business. Plaintiff and HSPRD shall provide Defendants with a fully and accurately completed and executed Form W-9 prior to issuance of the payment identified in this sub-paragraph. Defendants make no representation as to the tax consequences or liability arising from the payments. The parties agree that: (i) each shall be solely responsible for all federal, state, and/or local tax liability, if any, arising from payments they receive pursuant to this Agreement, including any interest or

penalties associated with tax liability, and Plaintiff will not look to or seek from the Defendants any tax liability or related costs he incurs as a result of the settlement payments herein and (ii) no tax advice has been provided whatsoever by the Defendants or their attorneys.

    D.    Each Party is responsible for its own fees and costs related to the Lawsuit.

    E.    <u>Acknowledgement of Sufficiency of Consideration</u>. Employee acknowledges that the consideration in this Agreement is fair consideration, and represents full settlement of all claims that were or could have been made against the Company.

**2.**    <u>**Approval By Court**</u>

Within 10 business days after the parties execute this agreement, the parties will file a joint motion asking the Court to approve this Settlement as fair and reasonable and to dismiss the case with prejudice. In the event that the Court does not approve this Agreement as fair and reasonable or if the Agreement does not become final for any other reason, then this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this Agreement shall be treated as void ab initio. In such event, the parties hereto and any funds to be awarded under this Agreement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed. The parties shall request the approval of the Order that is attached hereto as Exhibit A.

**3.**    <u>**Release**</u>

Plaintiff, and any person or entity who may claim by or through him, hereby covenants not to sue and releases and forever discharges the Defendants and their attorneys, agents, and representatives (collectively the "Company Released Parties"), from any and all claims, debts, demands, accounts, judgments, rights, causes of action, declaratory judgments, equitable relief, damages, costs, penalties, charges, complaints, obligations, promises, agreements, controversies, suits, expenses, compensation, responsibility and liability of every kind and character whatsoever (including attorneys' fees and costs), whether in law or equity, known or unknown, asserted or unasserted, suspected or unsuspected (collectively, "Claims"), which Plaintiff has or may have had against the Defendants based on any events, circumstances or omissions occurring on or prior to the date hereof arising directly or indirectly out of, relating to, or in any other way involving Plaintiff's work for the Defendants or termination thereof in any manner whatsoever. Plaintiff understands and agrees that he is releasing the Defendants from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by him or on his behalf. This release does not extend to claims that are non-waivable under the law.

Plaintiff represents that, as of the date he signs this Agreement, he has not filed any other claims against the Defendants in any other forum or proceeding.

**The Parties agree and acknowledge that the release and waiver set forth herein shall not prevent Plaintiff from participating in or cooperating with any state or federal agency,**

including the Equal Employment Opportunity Commission ("EEOC"), the National Labor Relations Board ("NLRB") or the Illinois Human Rights Commission ("IHRC"), **investigation or charge of discrimination.** However, Plaintiff understands and agrees that he is releasing the Defendants from any and all claims by which he is giving up the opportunity to recover any compensation, damages, or any other form of relief in any proceeding brought by her or on her behalf. This release does not extend to claims that are non-waivable under the law.

Plaintiff acknowledges and agrees that he is waiving, on behalf of Plaintiff and Plaintiff's attorneys, all claims for attorney fees and expenses and court costs.

4. <u>Non-Admission</u>

The Parties agree that this Agreement does not constitute, is not intended to be, and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendants. Plaintiff and Defendants further agree that this Agreement shall not be admissible in any proceeding (without the written consent of the parties or unless ordered by a court of competent jurisdiction), except one instituted by either Party alleging a breach or seeking enforcement of the terms and provisions of this Agreement.

5. <u>Full Knowledge, Consent, and Voluntary Signing</u>

The Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties have not been coerced, threatened, or intimidated into signing this Agreement; and the Parties have been advised to consult with an attorney, and in fact have consulted with their respective counsel of record in this litigation.

6. <u>Severability and Choice of Law</u>

This Agreement shall be construed under the laws of the State of Illinois. To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants further agree that the remaining portions shall not be affected and shall be given full force and effect.

7. <u>Merger Clause</u>

This Agreement contains all representations and warranties, express and implied, oral and written, of the Parties, and is the entire understanding and agreement between the Parties, with respect to the subject matters hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any Party to any other Party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, tentative settlements, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded and replaced in total by this Agreement. This is an integrated agreement. This Agreement may not be altered or modified except by a writing signed by all Parties at the time of the alteration or modification.

8. <u>Counterparts</u>

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by fax or electronic mail will have the same effect as the original signature.

9. <u>Non-Assignment of Rights</u>. The Parties represent and warrant that they have not assigned, sold, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever relating to any matter covered by this Agreement.

SERGIO CORTES

_____

Date: _____

Plaintiff

JULIUS JOKIMAS

_/s/ Julius Jokimas_____

Date: __04/26/17_____

Defendant

SARPINO'S LOOP, INC.

_/s/ Julius Jokimas (President)_

Date: __04/26/17_____

Defendant

MJK SOUTH LOOP, INC.

_/s/ Julius Jokimas (President)_

Date: __04/26/17_____

Defendant

JJ GOLD COAST, INC.

_/s/ Julius Jokimas (President)_

Date: __04/26/17_____

Defendant

This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by fax or electronic mail will have the same effect as the original signature.

9. <u>Non-Assignment of Rights</u>. The Parties represent and warrant that they have not assigned, sold, transferred, conveyed or otherwise disposed of to any third party, by operation of law or otherwise, any cause of action, debt, obligation, contract, agreement, covenant, guarantee, judgment, damage, claim, counterclaim, liability, or demand of any nature whatsoever relating to any matter covered by this Agreement.

SERGIO CORTES                                     SARPINO'S LOOP, INC.

_____                          _____

Date: 04-26-17                                    Date: _____

             Plaintiff                                         Defendant


JULIUS JOKIMAS                                    MJK SOUTH LOOP, INC.

_____                          _____

Date: _____                            Date: _____

             Defendant                                         Defendant

                                                  JJ GOLD COAST, INC.

                                                  _____

                                                  Date: _____

                                                               Defendant

*Page 4* of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO CORTES, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:16-cv-7763 |
| v. ) ) | Honorable Judge Manish S. Shah |
| SARPINO'S LOOP, INC., MJK SOUTH LOOP, INC. JJ GOLD COAST, INC., and JULIUS JOKIMAS, ) ) ) ) | Magistrate Judge Weisman |
| Defendants. ) | |

## AGREED DISMISSAL ORDER

THIS MATTER coming to be heard by agreement of the parties, all disputes having been settled and resolved, and the parties having executed a Settlement Agreement and General Release (the "Settlement Agreement"), dated April ___, 2017, a copy of which has been submitted to the Court for review, IT IS HEREBY ORDERED THAT:

1)  The Court, having reviewed the parties' Settlement Agreement, hereby approves the Settlement Agreement and finds that the settlement is fair, reasonable, and adequate to resolve all claims under the Illinois Minimum Wage Act and Fair Labor Standards Act that Plaintiff has or could have asserted against the Defendants and other released parties in the above-captioned matter. The Court finds that: (a) the settlement amount as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of Plaintiff's claims; (b) the settlement was reached pursuant to arms-length negotiations between the parties; and (c) the support for the settlement expressed by counsel for Plaintiff and counsel for Defendant, who both have significant experience representing parties in actions involving wage claims, weighs in favor of approval of the Settlement Agreement.

2) This case is dismissed with prejudice.

ENTERED:

_____

_____
Date